SAMUEL L. MULFORD, RESPONDENT, *v.* ELINER HODGES AND EDWARD F. HODGES, APPELLANTS.

*Divisible and indivisible claims — how distinguished — Assigning of portion of indivisible claim — effect of.*

In an action brought against four defendants, an attorney appeared and put in answers for all of them, and appeared for and defended their interests upon the trial. Subsequently, he having assigned to the plaintiff herein his claim against two of the said defendants, the assignee brought this action against the said two defendants and recovered the whole amount of the attorney's claim.

*Held,* (1) that the claim of the attorney against the four defendants was an indivisible one;

(2) That the assignment to the plaintiff did not assign the whole claim to him, and, the claim being indivisible, did not invest him with any separate portion of it.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Wyllys Hodges*, for the appellants.

*Wm. M. Mullen*, for the respondent.

DYKMAN, J.:

In April, 1871, the Ocean National Bank of the city of New York commenced an action in the Supreme Court against Eliner Hodges, George W. Hodges, Edward F. Hodges, and Annie F. Hodges, to set aside a conveyance of certain real estate from George W. Hodges, to Edward F. Hodges, and from Edward F. Hodges and wife to Eliner Hodges. Robert Christie, an attorney and counselor at law, was employed by George W. Hodges to defend the action. Mr. Christie put in answers for all the defendants, which he subscribed as the attorney for the defendants, and at the trial appeared and defended for all the defendants.

On the 15th day of May, 1874, Mr. Christie assigned his claim against Eliner Hodges and Edward F. Hodges to the plaintiff, and this suit was commenced to recover for his services in that action. From the foregoing statement it appears that Mr. Christie was the attorney for all the defendants in the bank suit; that he appeared for all, answered for all, and defended for all; and that now the plaintiff, under an assignment of his claim for services against two of these defendants, claims to recover in this action the full value of those services; that is, the entire claim that Mr. Christie had against all the defendants for his services in the original action.

This cause was tried before a referee, who reported in favor of the plaintiff for the full amount of the plaintiff's services, and judgment has been entered upon the report, from which the appeal is taken.

We think there is a radical difficulty in the way of the plaintiff's recovery in this action. Mr. Christie had four persons who were indebted to him jointly for professional services; he assigned his claim for services against two of them, and the plaintiff has been permitted to recover on that assignment in an action against the two the full amount of the claim against the four. If Mr. Christie

had any claim for his professional services in the original action, it was for services rendered for all, and under one employment for all. The services were all rendered and performed under the same contract, and his demand for compensation was an entire demand against the four defendants. His claim rested upon one contract and one transaction; or, rather, upon transactions in relation to one subject.

Much has been said in relation to this subject of entire and divisible demands, and our courts have not been entirely harmonious in relation to the rule by which it may be determined whether a claim is entire and indivisible or not. Some of the cases go far enough to hold that every account or claim consisting of different items, the whole of which is due, is an entire demand and incapable of division for the purposes of prosecution, while others hold that it is necessary that the claim should have arisen out of a single transaction, or be connected together by contract in order to make it indivisible.

The following rule has been laid down on this subject by our Court of Appeals: " The true distinction between demands or rights of action which are single and entire and those which are several and distinct is, that the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts. Perhaps as simple and safe a test as the subject admits of, by which to determine whether a case belongs to one class or the other, is by inquiring whether it rests upon one or several acts or agreements. In the case of torts, each trespass or conversion or fraud gives a right of action, and but a single one, however numerous the items of wrong or damage may be; in respect to contracts expressed or implied, each contract affords one, and only one, cause of action." (*Secor* v. *Sturgis*, 16 N. Y., 558.) It is not important in this case to follow the principle of law on the subject any further, for within all the cases the claim of Mr. Christie was an entire and indivisible demand against four persons.

What, then, was the effect of the act by which he undertook to assign his claim against two of those persons for this entire demand? Did it accomplish any thing more than make the assignee a joint owner with him of the entire demand? We think it did not; at all events it did not assign the entire claim, and did not vest the assignee with the whole cause of action. It did not vest him with

any portion of the claim, because, within the rule above stated, that was an entire thing and could not be divided. If this be so, then plaintiff, as such assignee, took no separate interest in this claim; that is, he took no title which gives him a cause of action against these two defendants. Christie had no cause of action against these defendants alone, to give him.

This is not the case of a failure of the joinder of proper parties as defendants, which ought to have been pleaded, but it is the case of a party bringing a suit without any cause of action. The foundation of this action has failed, and he cannot recover for that reason. But the referee, before whom the cause was tried, not only permitted the plaintiff to maintain his action, but allowed him to prove and recover the entire value of Mr. Christie's services in the original litigation. This would be wrong, even if the claim was a divisible one. The assignment only purports to give the plaintiff the claim against the defendants for the services of the assignor, and the judgment allows him to recover for the whole claim of the assignor against all the original defendants.

If this action had been commenced by the assignor in his own name against these two defendants for his services, it might possibly be said that they would be called upon to plead the non-joinder of their co-obligers, because in that case the claims would be a subsisting demand and a valid cause of action in the hands of, and belonging to the plaintiff. But in this case the plaintiff was not the owner of the entire claim for the services, and had not, therefore, any cause of action against any one for it. In any view, therefore, this judgment must be reversed.

Judgment reversed and a new trial granted, with costs to abide the event.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment reversed, and new trial granted at Circuit, costs to abide event.